## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LUZ S. TORRES BURGOS,       \*
ET AL                  \*    CIVIL NO. 98-2394 (JP)
     **Plaintiffs**        \*
                       \*
       Vs.           \*
                       \*
LIFE INSURANCE COMPANY OF   \*
NORTH AMERICA; EL ALS      \*
     **Defendants**        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION IN COMPLIANCE WITH ORDER

**TO THE HONORABLE COURT:**

Come now plaintiffs, through her undersigned attorney and very respectfully state and prays as follows:

1.     The Honorable Judge Jaime Pieras, Jr. issued an order to plaintiff requesting to file a motion informing of the status of this case.

2.     In compliance with such order plaintiff hereby informs the following.

3.     This case comes from a civil action originally filed in State's Superior Court of Ponce with civil number JAC98-0719.

4.     Such action was removed by defendants who filed a notice of removal pursuant 28 USC § 1446 on November 16, 1998.

5.     After such date, defendant presented the answer to complaint and served interrogatories to plaintiff which were answered by March 17, 1999.

6.     The Honorable Court issued an order setting initial scheduling conference for March 31, 1999 to which attended for defendant's attorney Luis F. Colón-Conde and the

1

undersigned attorney assisted by Ricardo A. Zapater-Lanuza, as attorneys for plaintiff.

7.    The parties discussed the possibility of settlement considering that the facts were basically uncontested and the matter was subject to be solved by the application of the insurance contract to the facts.

8.    Both parties submitted briefs of uncontested material facts allowing the case to be submitted for judgment as a matter of law.

9.    The Court entered an opinion and order dated June 26, 2001 denying defendants request for dismissal in their motion for summary judgment and setting a further scheduling conference for August 1, 2001. In such order, the Honorable Judge resumed the uncontested facts in the case: (Docket #19)

> "... 1.  On February 6, 1996, CIGNA Group Insurance received a Group Long Term Disability application from Ms. Wanda Goyco, Senior Vice President of Ponce Federal Bank, regarding the claim by Plaintiff Torres for long term disability benefits.

> 2.  Life Insurance Company of North America notified Plaintiff by letter dated July 1, 1996 that her benefits were being denied because there was "insufficient evidence to support the severity of [her] condition."

> 3.  on August 12, 1996, John Orr, Sub-Manager of Human Resources of Ponce Federal Bank, wrote to plaintiff to notify her that the bank had received a letter from CIGNA Group Insurance indicating that her long term disability claim had been denied. In this letter, Mr. Orr also explained to plaintiff that in order to appeal the determination, she would have to request a revision by letter and include all medical information corroborating her disability.

> 4.  Plaintiff submitted a medical report prepared by Dr. Berríos-Latorre, Torres' attending psychiatrist, dated September 24, 1996, stating that Torres was unable to perform any work or maintain an occupation due to her medical condition.

> 5.  Plaintiff Torres earned $1,400.00 per month when she worked at Ponce Federal Bank.

2

6. *Plaintiff Torres was confined in a hospital for her mental condition for 18 days.*

7. *Plaintiff Torres is currently receiving Social Security benefits because of her disability.*

8. *The benefits Plaintiff Torres would receive under the Long Term Disability Plan total $50.00 per month. "*

10.      After that, on July 20, 2001 Honorable Judge Pieras entered an order to the parties to submit a copy of the plan highlighting the provisions each party allege to be relevant to the issue of the interpretation of the plan provisions concerning the mental illness. (Docket #21)

11.      Both parties requested continuance of Initial Scheduling Conference settled for August 1, 2001 which was granted by the Court requesting supplemental brief to be submitted by the parties. This was to allow the Court to enter a judgment as a matter of law. (Docket #24)

12.      Plaintiffs and defendants submitted respective supplemental brief on August 10, 2001 allowing the case submitted to be solved by the Court. (Docket #25 & 26)

13.      After that, attorney Colón Conde resigned the representation of defendants which was assumed by Arturo Bauermeister-Baldric. The case is still submitted.

14.      Actually, plaintiff is resting on the fact that once determined by the Court that she is entitled to long term disability benefits under the policy, the Court may determine that defendants should pay her the benefits retroactive to February 6, 1996 when CIGNA Group Insurance received the Long Term Disability Application.

15.      In addition, the Court can impose fines up to $100.00 per day against defendant for failure or refuse to provide the copy of the policy requested by plaintiff since April 1997 under Employee Retirement Income Security Act of 1974 (ERISA) 29 USC § 1132.

16.      Also, the Court should make a determination about if defendant's denial of

3

disability benefits was arbitrary, capricious or in bad faith. This may allow an additional sanction of attorney's fees and/or punitive damages.

WHEREFORE, it is respectfully requested to this Honorable Court to consider plaintiff complied with order dated May 20, 2005.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this May 24, 2005.

Lemuel Negrón-Colón
PO Box 8849
Ponce, PR 00732-8849
Tel. /Fax (787) 840-6719
USDC-PR 211202

4