IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ S. TORRES BURGOS, NELSON E. COLÓN MELÉNDEZ<br><br>    Plaintiffs<br><br>        v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA GROUP INSURANCE CO. Y ABC INSURANCE CO.<br><br>    Defendants | CIVIL NO. 98-2394 (JP) |

**MOTION IN RESPONSE AND OPPOSITION TO
PLAINTIFFS' MOTION IN COMPLIANCE WITH ORDER**

**TO THE HONORABLE COURT:**

COME NOW the defendants, Life Insurance Company of North America, CIGNA Group Insurance Co., through the undersigned attorneys, and respectfully states and prays as follows:

1.  On May 24, 2005 plaintiffs filed a Motion in Compliance with Order (the "Motion" or "Plaintiffs' Motion"), pursuant to an order issued by this Honorable Court on May 20, 2005. Docket #30. Plaintiffss Motion is purportedly intended to inform the Court of the status of this case.

2.  Unfortunately, plaintiffs' Motion is not limited to portraying the status of this case. On the contrary, in such Motion, plaintiffs are clearly trying to amend their Complaint by requesting the Court to impose fines and punitive damages against defendants (¶15 of Plaintiff's Motion, Docket # 30), and to misguide the Court into believing that this case was submitted and

is awaiting this Honorable Court's judgment as a matter of law (¶11 of Plaintiff's Motion, Docket # 30). In this respect, defendants oppose plaintiff's Motion.

A.  PLAINTIFFS' ATTEMPT TO AMEND THE COMPLAINT:

3. In their complaint, plaintiffs allege that co-plaintiff Luz Torres Burgos was wrongfully denied long term disability benefits under a long term disability group policy underwritten by defendants. The only remedy they request is that defendants be ordered to pay such benefits. Docket #1 and 4.

4. Unlike the allegations regarding a denial of benefits and a request for the payment of such benefits, plaintiffs <u>do not allege</u> in the complaint that they requested from the defendants a copy of the long term disability group policy and that defendants refused to furnish her with a copy. More importantly, <u>plaintiffs did not request in the complaint that a penalty or fine be imposed against defendants for failure to provide them with a copy of the policy</u>. Clearly this claim was not raised in the complaint and this Honorable Court should not allow the plaintiffs to amend the complaint almost seven years after they originally filed it.

4. In addition, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, provides the different causes of action and remedies available to a participant of an ERISA-covered benefit plan, such as the long term disability benefit group policy at issue in this case. 29 U.S.C. §1132. Section 502(a)(1)(B) allows a plan participant to sue a plan to recover benefits allegedly owed to him/her under such plan. This is the only claim that was plead and raised in the complaint. A completely separate claim would be one under Sections 502(a)(1)(A) and 502(c)(1) of ERISA, which, if plaintiffs prevail, would allow the court to impose a penalty on the ERISA plan administrator for failure to provide the participant certain documents, including in some cases a policy that insures the ERISA plan. <u>This claim has to be</u>

specifically and separately plead in the complaint; a pleading that was not included by the plaintiffs in their complaint.

5. Furthermore, a claim for penalties under Sections 502(a)(1)(A) and 502(c)(1) of ERISA can only be brought against the ERISA plan's plan administrator. The defendants are not the plan administrators of the long term disability plan at issue in this case. Defendants are only the insurance companies who underwrote the long term disability policy that insures the plan, and the plan's claims administrator. The long term disability plan's plan administrator must be either the employer who established the plan, or an individual or group of individuals appointed by such employer. Thus, even if it had been plead in the complaint, the plain text of ERISA would not allow the imposition of this type of penalties against the defendants.

6. In their Motion, plaintiff also claimed that this Honorable Court could order defendants to pay punitive damages. (¶11 of Plaintiff's Motion, Docket # 30) However, plaintiffs also failed to request the imposition of punitive or other type of damages. This is another attempt by the plaintiffs to amend the complaint. It is respectfully requested from this Honorable Court to impede the amendment of the complaint.

7. Even if plaintiffs had requested punitive damages in the complaint, such request would be subject to immediate dismissal, since ERISA does not allow a plan participant to recover damages, punitive or otherwise, allegedly suffered. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985); see also Drinkwater v. Metropolitan Life Ins. Co., 846 F. 2d 821, 825 (1st Cir. 1988); Hampers, M.D. v. W.R. Grace & Co., Inc., 202 F.3d 44, 50-51 (1st Cir. 2000). At most, a plan participant can only recover benefits allegedly owed under the plan, or be entitled to other equitable relief. Section 502(a)(1)(B) and (3) of ERISA, *supra*.

B. THE PARTIES HAVE NOT YET SUBMITTED THIS CASE FOR FINAL ADJUDICATION AND ARE NOT AWAITING JUDGMENT:

8. In paragraphs 11 and 12 of their Motion, plaintiffs state that some supplemental briefs were submitted to the Court "to allow the Court to enter a judgment as a matter of law". In paragraph 12, of their Motion plaintiffs further state that "Plaintiffs and defendants submitted respective supplemental brief on August 10, 2001 allowing the case submitted to be solved by the Court."

9. Plaintiffs assertion is erroneous and it could have the effect of misguiding this Honorable Court. On August 10, 2001 the parties indeed submitted supplemental briefs and filed with the court a copy of the long term disability group policy. The only purpose of filing these briefs, together with the Policy, was to have the Court decide on a particular issue related to the proper interpretation of a policy provision limiting benefits to 24 months to those individuals who are disabled due to a mental illness. See: Docket #21 and #24; see also: Docket #20.

10. The Court's decision regarding the proper interpretation of the above-mentioned provision is necessary in order to determine the amount of benefits co-plaintiff Luz Torres Burgos would be entitled to receive if she prevails in her claim for benefits. However, the parties have yet to submit this Honorable Court the central issue of the present complaint: whether or not defendants' denial of plaintiff's long term disability benefits under the policy, based on the fact that she was found not to be totally disabled under the terms of the policy, was arbitrary and capricious. For this reason, defendants request this Honorable Court to disregard plaintiffs' allegation that we are awaiting for this Court to enter judgment as a matter of law.

11. On July 16, 2001 this Honorable Court suspended a Further Scheduling Conference that had been set for August 1, 2001, pending the resolution of the policy interpretation issued referred to in the previous paragraphs. According to defendants' records, this issue has not yet been resolved. However, defendants respectfully suggest this Honorable

Court to schedule the Further Scheduling Conference to discuss the interpretation issue, and to plan the case management of this case.

WHEREFORE the defendants respectfully request this Honorable Court to deny plaintiffs' attempt to amend her complaint, and to disregard plaintiffs' allegation that the case was already submitted to this court for final adjudication. In addition, defendants respectfully request this Honorable Court to schedule a Further Scheduling Conference to discuss pending issues and to plan the management of this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of May, 2005.

I HEREBY CERTIFY that on this date, the undersigned have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Lemuel Negrón Colón, Esq., P. O. Box 8849, Ponce, Puerto Rico  00732; and I hereby certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants: Lemuel Negrón Colón, Esq., P. O. Box 8849, Ponce, Puerto Rico  00732.

**/s María Isabel Rey Cancio**
Maria Isabel Rey Cancio
USDC-PR No. 213211
Attorney for Defendants
Fiddler Gonzalez & Rodriguez, P.S.C.
P.O. Box 363507
San Juan, Puerto Rico 00936-3507
Tel. (787) 753-3113/759-3146
Fax. (787) 250-7555
Email: mrey@fgrlaw.com

#553827
O/F: 3622-010