IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ S. TORRES BURGOS,<br>NELSON E. COLÓN MELÉNDEZ<br><br>Plaintiffs<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA GROUP INSURANCE CO. Y ABC INSURANCE CO.<br><br>Defendants | CIVIL NO. 98-2394 (JP) |

**MOTION IN COMPLIANCE WITH ORDER AND
DEFENDANTS' SUPPLEMENTAL BRIEF**

TO THE HONORABLE COURT:

Come now defendants, through their undersigned attorney very respectfully state and pray as follows:

1. On July 17, 2001, this Honorable Court issued an order granting in part defendants' Motion Requesting Reconsideration or Amendment to Opinion and Order. In that July 17 order, this Court ordered the parties to "submit the Plan to the Court, highlighting the provisions each allege to be relevant to the interpretation of the clause relating to disabilities due to mental illness." The Court also allowed parties to submit supplemental briefs on that limited issue.

2. In compliance with the aforementioned order, defendants present a complete copy of the Group Long Term Disability Income Policy, Group Policy No. CLK-579669, which is enclosed as Exhibit 1. The clause relating to disabilities due to mental illness has been highlighted and the page containing said clause has been marked

with a white label for easy access.

3. The main controversy regarding the mental illness 24 months benefit limitation is whether it applies to plaintiff, who was hospitalized for 18 days, or whether her hospitalization for more than 18 days entitles her to receive monthly benefits until she turns 65 years of age.

4. There is no controversy in the present case in the fact that plaintiff's alleged disability, if any, is caused or contributed to by mental illness. Not only plaintiff's allegations throughout this case have been to that effect, but the document which this Honorable Court determined constituted plaintiff's appeal of the plan's determination attributed her disability to major severe depression. See report prepared by Dr. Berrios-Latorre, Torres' attending psychiatrist, dated September 24, 1996.

5. As it was discussed in defendants' Brief in Compliance with Initial Scheduling Conference and Requesting Summary Judgement of May 11, 1999, the meaning of the 24 month limitation applies to the plaintiff since the moment that she ceased to be hospitalized.

**WHEREFORE**, defendant respectfully requests this Honorable Court that it concludes that the 24 month limitation applies to the present case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of July, 2001.

**I HEREBY CERTIFY** that on this same date I have sent a true and exact copy of this document to Lemuel Negrón Colón, Esq., P. O. Box 8849, Ponce, Puerto Rico 00732.

FIDDLER GONZÁLEZ & RODRÍGUEZ, LLP
P.O. Box 363507
San Juan, P.R. 00936-3507
Tel: 759-3202
Fax: 250-7565

By: _____
LUIS F. COLÓN CONDE
USDC-PR 213805

(3622-0010)
#306401.1