IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ S. TORRES BURGOS, et. al.,<br><br>    Plaintiffs<br><br>              v.<br><br>LIFE INSURANCE CO. OF NORTH AMERICA, et. al.,<br><br>    Defendants | CIVIL NO. 98-2394 (JP) |

## OPINION AND ORDER

The Court has before it Defendants' Life Insurance Group Company of North America and Cigna Group Insurance (collectively "Defendants") Motion Requesting Reconsideration or Amendment to Opinion and Order (**No. 20**). In the Motion, Defendants ask the Court to address the issue of the interpretation of a provision in Life Insurance Group Co. of North America's Group Long Term Disability Income Policy ("Policy"), and to determine whether summary judgment on this issue is appropriate. The Court issued an Order (**No. 21**) on July 7, 2001, in which it informed the parties it would address this issue. Plaintiffs brought this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, claiming that Defendants wrongly denied Plaintiff Luz Torres Burgos ("Torres") benefits under the Policy, which is an employee welfare benefit plan governed by ERISA. On August 18, 2006, the Court ordered the parties to re-submit their briefs electronically, and

CIVIL NO. 98-2394 (JP)          -2-

also to submit in its entirety the Long Term Disability Income Policy. The Court considers these re-submissions (Nos. 30, 33, 35, 36, 38 and 40), and hereby **DENIES** Defendants' Motion to reconsider this Court's denial of summary judgment as to the interpretation of the Policy.

I.    **SUMMARY JUDGMENT STANDARD**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, [in this case the plaintiff,] reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Insurance Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

CIVIL NO. 98-2394 (JP)            -3-

the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2253, 91 L. Ed. 2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Goldman, 985 F.2d at 1116.

## II. **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The parties stipulated to the following facts at the Initial Scheduling Conference. No additional facts proposed by Defendants were properly supported by documentary evidence. See Fed. R. Civ. P. 56(e).

CIVIL NO. 98-2394 (JP)          -4-

1. On February 6, 1996, CIGNA Group Insurance received a Group Long Term Disability application from Ms. Wanda Goyco, Senior Vice President of Ponce Federal Bank, regarding the claim by Plaintiff Torres for long term disability benefits.

2. Life Insurance Company of North America notified Plaintiff by letter dated July 1, 1996 that her benefits were being denied because there was "insufficient evidence to support the severity of [her] condition."

3. On August 12, 1996, John Orr, Sub-Manager of Human Resources of Ponce Federal Bank, wrote to Plaintiff to notify her that the bank had received a letter from CIGNA Group Insurance indicating that her long-term disability claim had been denied. In this letter, Mr. Orr also explained to Plaintiff that in order to appeal the determination, she would have to request a revision by letter and include all medical information corroborating her disability.

4. Plaintiff Torres submitted a medical report prepared by Dr. Berríos-Latorre, Torres' attending psychiatrist, dated September 24, 1996, stating that Torres was unable to perform any work or maintain an occupation due to her medical condition.

5. Plaintiff Torres earned $1,400.00 per month when she worked at Ponce Federal Bank.

6. Plaintiff Torres was confined in a hospital for her mental condition for 18 days.

7. Plaintiff Torres is currently receiving Social Security benefits because of her disability.

8. The benefits Plaintiff Torres would receive under the Long Term Disability Plan total $50.00 per month.

### III. ANALYSIS

The parties disagree as to the interpretation of the Policy. The relevant provision states as follows:

CIVIL NO. 98-2394 (JP)           -5-

> MENTAL ILLNESS, ALCOHOLISM AND DRUG ABUSE LIMITATION.
>
> The Insurance Company will pay Monthly Benefits for no more than 24 months during an Employee's lifetime for Disability or Residual Disability caused or contributed to by mental illness, alcoholism or drug abuse while the Employee is not confined in a hospital. An Employee will be considered confined in a hospital only if he is confined for at least 14 days in a hospital licensed to provide care and treatment for the condition causing the Disability.

(No. 38, p. 32). Also relevant are the Policy provisions which define "sickness" as "a physical or mental illness" (No. 38, p. 20), and the definition of "disability" as follows:

> An Employee will be considered Disabled if because of Injury or Sickness: he is unable to perform all the material duties of his regular occupation; and after Monthly Benefits have been payable for 24 months, he is unable to perform all the material duties of any occupation for which his is or may reasonably become qualified based on his education, training or experience.

(No. 38, p. 22). Plaintiffs argue that Torres is entitled to receive long-term benefits until such time as she either is (a) no longer disabled, or the later of (b) her sixty-fifth birthday, or (c) the date the forty-second monthly benefit is payable. (No. 38, p. 31). They argue that the twenty-four month restriction does not apply because Torres was in the hospital for a period of eighteen days. Defendants, on the other hand, argue that the twenty-four month limitation applies to the period of disability during which Plaintiff was not confined to a hospital. Defendants further argue that because Plaintiff's hospital stay exceeded fourteen days, she is

CIVIL NO. 98-2394 (JP)           -6-

entitled to receive costs for her hospital stay, as well as monthly benefits for an additional twenty-four months under the Policy.

Interpretation of a contract presents a question of law. Rodríquez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 586 (1st Cir. 1993). When interpreting the provisions of an ERISA benefit plan, the First Circuit uses federal substantive law, including the "common-sense canons of contract interpretation," and requires that contract language be given its "plain meaning." Rodríquez-Abreu, 986 F.2d at 585 (quoting Bellino v. Schlumberger Technologies, Inc., 944 F.2d 26, 29 (1st Cir. 1991)); see also Burnham v. Guardian Life Ins. Co. of Am., 973 F.2d 486, 489 (1st Cir. 1989). Contract language is ambiguous if the terms are inconsistent on their face, or if the terms allow reasonable but differing interpretations of their meaning. Rodríquez-Abreu, 986 F.2d at 586 (citing Federal Deposit Ins. Corp. v. Singh, 977 F.2d 18, 22 (1st Cir. 1992); Fashion House, Inc. v. K-Mart Corp., 892 F.2d 1076, 1083 (1st Cir. 1989)).

At issue here is the plain meaning of the word "while" in the following sentence: "The Insurance Company will pay Monthly Benefits for no more than 24 months...*while* the Employee is not confined in a hospital" (No. 38, p. 32, emphasis added). Plaintiffs interpret the "while" to mean that Torres is entitled to disability benefits beyond twenty-four months because her hospital stay exceeded fourteen days. The Defendants interpret the "while" to mean that Torres is

CIVIL NO. 98-2394 (JP)          -7-

entitled to twenty-four months of coverage in addition to coverage of her hospital stay because her stay exceeded fourteen days. Summary judgment based upon the construction of contract language is appropriate only if the meaning of the language is clear, considering all the surrounding circumstances and undisputed evidence of intent, and there is no genuine issue as to the inferences which might reasonably be drawn from the language. Rodríguez-Abreu, 986 F.2d at 586 (citing Healy v. Rich Products Corp., No. 92-7398, 1992 WL 358117 at *4 (2d. Cir. Dec. 7, 1992); see also Singh, 977 F.2d at 21. The Court finds that both interpretations of this clause are reasonable, and because at the summary judgment stage the record must be viewed in the light most favorable to the non-moving party, the Court denies the motion for summary judgment on the interpretation of the Policy.

**IV. CONCLUSION**

The Court **DENIES** Defendants' Motion for reconsideration for summary judgment as to the interpretation of the clause in question.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of October, 2006.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE